1
2
3
4
5
6
7
8
9
10
11
12                    **UNITED STATES DISTRICT COURT**

13                        **DISTRICT OF NEVADA**

14

15  UNITED STATES OF AMERICA,        )      3:06-cr-00073-HDM
                                     )      3:16-cv-00073-HDM
16                    Plaintiff,     )
                                     )
17  vs.                             )      ORDER
                                     )
18  WILLIAM EDWARD ARMSTRONG,        )
                                     )
19                    Defendant.     )
    _____ )
20
          On February 16, 2016, defendant filed a motion to vacate, set
21
    aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No.
22
    32).  On March 14, 2016, the government filed a response (ECF No.
23
    36), and on March 21, 2016, the defendant filed a reply (ECF No.
24
    37).  On March 23, 2016, and June 3, 2016, the court stayed
25
    proceedings pending decisions by the Supreme Court and Ninth
26
    Circuit Court of Appeals (ECF Nos. 38 & 39).  On August 3, 2016,
27
    the court lifted the stay (ECF No. 40).
28

                                     1

On September 9, 2016, defendant filed an "Emergency Motion for Status Conference" (ECF No. 41). At a status conference on September 28, 2016, the court indicated that it was inclined to further stay proceedings pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. The court indicated that a stay would not be prejudicial because even on the merits defendant likely was not entitled to § 2255 relief. Defendant opposed the stay and asked the court to proceed to decide his case on the merits. (*See* ECF No. 44).

On March 6, 2017, the court ordered the defendant to show cause why *Beckles* did not require the court to deny his motion. On April 20, 2017, defendant filed a motion for voluntary dismissal of his § 2255 motion pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 48). The court initially granted the motion on April 21, 2017, but vacated its order after the government filed a motion to reconsider (ECF No. 50). Defendant has responded to the motion to reconsider (ECF No. 53), and the government has replied (ECF No. 55).

While the parties disagree on the applicability of Rule 41(a) to § 2255 proceedings, the court need not decide the issue. Even assuming Rule 41(a)(2) can be applied, it is within the court's discretion whether to grant a dismissal under that rule. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("[A] motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion . . . ."). "The purpose of the rule is to permit

a plaintiff to dismiss an action without prejudice so long as the
defendant will not be prejudiced, or unfairly affected by
dismissal." *Id.* (internal citations omitted). The court concludes
that, under the circumstances of this case, the government would be
unfairly affected by a dismissal of defendant's petition without
prejudice. Not only was the government required to respond to
defendant's motion, but defendant sought a resolution of his motion
well before the Supreme Court's decision in *Beckles* – even after
the court had indicated it would likely be denied. If the court
had proceeded as defendant then wished, and the motion had been
denied, defendant would not have been able to file any second or
successive motion – and the government would not be required to
respond to any such motion – unless defendant first received
authorization from the Court of Appeals. If the court allows
voluntary dismissal at this juncture, however, the government may
have to relitigate whether any future motions filed by defendant
are subject to the second or successive limitation of 28 U.S.C. §
2255(h). The court therefore concludes it should decide
defendant's motion on its merits now and therefore **DENIES** the
motion for voluntary dismissal. The government's motion to
reconsider is accordingly **GRANTED.**

In his § 2255 motion, defendant seeks relief based on *Johnson
v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme
Court held that the residual clause in the ACCA's definition of
"violent felony" is unconstitutionally vague. Defendant was not
charged or sentenced under the ACCA. Rather, he was found to be a
career offender under U.S.S.G. § 4B1.1. Under § 4B1.1, a defendant
qualifies as a career offender if:

3

(1) the defendant was at least eighteen years old at the
        time the defendant committed the instant offense of
        conviction; (2) the instant offense of conviction is a
        felony that is either a crime of violence or a controlled
        substance offense; and (3) the defendant has at least two
        prior felony convictions of either a crime of violence or
        a controlled substance offense.

At sentencing, the court determined that defendant qualified as a
career offender because he had two prior crimes of violence and his
instant offense was a crime of violence.  All three crimes were the
same: bank robbery in violation of 18 U.S.C. § 2113(a).  The
definition of "crime of violence" for purposes of the career
offender guideline includes a residual clause that is identical to
that in the ACCA.  *See* U.S.S.G. § 4B1.2(a).  Defendant argued that
*Johnson* invalidated this residual clause, that bank robbery in
violation of § 2113(a) qualified as a "crime of violence" only
under the residual clause, and that he is therefore entitled to
relief.

     On March 6, 2017, the United States Supreme Court determined
that *Johnson* does not apply to the Guidelines.  *Beckles v. United
States*, 580 U.S. — , 137 S. Ct. 886 (Mar. 6, 2017).  As defendant's
claim for relief depends on *Johnson* applying to the Guidelines and
the Supreme Court has held *Johnson* does not apply to the
Guidelines, defendant is not entitled to any relief.  Defendant's §
2255 motion (ECF No. 32) therefore must be and hereby is **DENIED**.

     The standard for issuance of a certificate of appealability
calls for a "substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c).  The Supreme Court has interpreted 28

4

U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by defendant with respect to whether they satisfy the standard for issuance of a

5

certificate of appeal and determines that none meet that standard. The court will therefore deny defendant a certificate of appealability.

In accordance with the foregoing, the government's motion to reconsider (ECF No. 50) is **GRANTED.** The defendant's motion for voluntary dismissal (ECF No. 48) and his motion pursuant to § 2255 (ECF No. 32) are **DENIED.** The court further denies defendant a certificate of appealability.

**IT IS SO ORDERED.**

DATED: This 26th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE